Green, J.
delivered the opinion of the court.
This bill is brought by the executrix of Dr.- Joseph C. Strong, deceased, to obtain a judicial construction of his last will and testament. There are several bequests and devises in the will, and among them is the following devise: “I give the use of my dwelling house in town to my wife her life-time, also a tract of woodland of about ninety-one acres, adjoining the land that formerly belonged to Joseph Bell, now owned by William Swan; at the death of my wife, that land to be given to the children of M ary Hazen, and the dwelling house in town to Claiborne and Rush, the other houses and lots in town, to be sold, and the price thereof to be divided equally among the children.”
This will is dated the 20th of May, 1840, and the testator died in the month of November, 1844. Before the death of the testator, “Claiborne,” mentioned in the above devise, had departed this life, without issue.
*169 The question raised by the pleadings, upon the above devise, of the dwelling house in town, to “ Claiborne and Rush” is, what disposition shall be made qf Claiborne’s share?
1. It is said, that the legacy to Claiborne did not lapse by his death because his share formed part of a devise to Rush by the testator in fee simple, in joint tenancy, in which case the death of one, only operated by the common law, in accumulation, and increase of the right of the surviving joint tenant in severalty, of that, of which, he was before seized in joint tenancy, per tout as well as per mie — and as an extinguishment of the seizen of the share of the deceased brother, making the interest entire and several, in the survivor, in that which before was joint. 2 Jarman on Wills, 168, 167. And this principle of the common law, it is contended, is not affected by our act of 1784 — abolishing survivorship in joint tenancies — that act, it is argued, not being applicable to a case like this.
Although it be true, that the estate devised to “Claiborne and Rush,” did not become absolute, by the death of the testator, during Claiborne’s life-time, yet we think it is within the purview of the act of 1784, and the survivorship is cut down in this case, as in those cases where the joint tenant dying, was in actual possession, and, therefore, the common law rule in such case, is abrogated, so that Rush is not entitled, as surviving joint tenant to the share of Claiborne.
2. It is next assumed, that the principle of joint tenancy above stated, prevented a lapse of the devise, upon the death of Claiborne' — and that the act of 1784, cutting off survivorship, and declaring that the share of the joint tenant dying, shall descend to his heirs, in the same manner as estates held by tenancy in common — is applicable to *170 this case in'every respect — and that, therefore, the heirs of Claiborne, are entitled to the share devised to him. And this construction is supported by the case of Rhodes vs. Holland, (2 Yer., 341,) where it is held, that a legacy in joint tenancy, does not lapse by the death of one of the joint legatees, during the life of the testator — nor does it survive to the surviving joint tenant, but that the principle of joint tenancy upholds the devise during the life-time of the testator, and at his death the act of 1784 comes in, and distributes the estate to the heirs of the deceased joint tenant.
With a strong disposition to preserve uniformity in the decisions of this court, — and with the highest respect for the learning of Judge Whyte, who delivered the opinion, we are unable to yield to the authority of the case of Rhodes vs. Holland. It seems to us absurd to assume, that the doctrine of survivorship operated on the estate ■at the time of Claiborne’s death — so as to produce by that event, an accumulation and increase of the estate of Rush, during the testator’s life-time, so as to prevent a lapse, and then, that the act of 1784 should take away from the survivor the legacy, which had then become vested in him, in severalty. The doctrine insisted on for Rush, as first above stated, is less objectionable than this.
3. The true principle as we think, is, that the act is general, extending to all cases, as well by devise as by deed, and cuts down and destroys the common law doctrine of survivorship. So that, upon the death of Claiborne, nothing survived to Rush, save the one half, to which the devise in joint tenancy entitled him. This being the case, the legacy to Claiborne, lapsed and remained undisposed of by the will, he having no issue, and, therefore, our act of 1842, ch. 177, sec. 3, having no application to the *171 case, tbe heirs of Claiborne cannot take the estate, because the survivorship being cut down at his death, it remained undevised, and as such descended to the heirs of the testator at his death.
. Upon this point, therefore, we think there is error in the decree, and order that it be reversed and modified.